1  JEFFER MANGELS BUTLER & MITCHELL LLP
   MARTIN H. ORLICK (Bar No. 083908)
2  *morlick@jmbm.com*
   STUART K. TUBIS (Bar No. 278278)
3  *skt@jmbm.com*
   CHRISTOPHER WHANG (Bar No. 316916)
4  *Cwhang@jmbm.com*
   Two Embarcadero Center, 5th Floor
5  San Francisco, California 94111-3813
   Telephone:    (415) 398-8080
6  Facsimile:    (415) 398-5584

7  Attorneys for Defendant Le Marais Bakery, LLC

8                    UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11  BRIAN WHITAKER,                          Case No. 3:21-cv-06590-TSH

12           Plaintiff,                      **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

13       v.

14  LE MARAIS BAKERY, LLC, a California
    Limited Liability Company,

15           Defendant.                      Hearing date:  March 31, 2022
                                             Hearing time:  10:00 am
16                                           Courtroom:     G

17

18  **TO ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

19          PLEASE TAKE NOTICE that on March 31, 2022, at 10:00 am or as soon thereafter as

20  counsel may be heard in the United States District Court, located at San Francisco Courthouse,

21  Courtroom G - 15th Floor, 450 Golden Gate Avenue, San Francisco,. CA 94102, Defendant Le

22  Marais Bakery, LLC ("Defendant") will move the court pursuant to Federal Rules of Civil

23  Procedure. Rule 12(b)(1) and (h)(3) for an order dismissing the action on the grounds that Plaintiff

24  Brian Whitaker ("Plaintiff or Whitaker") lacks standing to sue under the Americans with

25  Disabilities Act ("ADA"), and therefore this Court lacks jurisdiction.

26  //

27  //

28  //

Case No. 3:21-cv-06590-TSH

69841881v2NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Defendant seeks an order from the Court dismissing Plaintiff's Complaint with prejudice.[1]

2    Attached hereto as Exhibit A is a Proposed Order for the Motion to Dismiss.

3    This Motion is based on this Notice of Motion and Motion, the below Memorandum of

4    Points and Authorities, the Declaration of Patrick Ascaso and Exhibits, all of the pleadings, files,

5    and records in this proceeding, all other matters of which the Court may take judicial notice, and

6    any argument or evidence that may be presented to or considered by the Court prior to its ruling.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    [1] This motion is one of numerous motions to dismiss filed against Brian Whitaker in the Northern District

25    in the following cases: *Brian Whitaker v. Cyclismo Cafe Redwood City LLC*, Case No. 3:21-cv-0326-LB; *Brian Whitaker v. Marso LLC*, Case No. 3:21-cv-03711-PJII; *Brian Whitaker v. Kwi Kim Yokohama*, Case

26    No. 4:21-cv-03833-HSG; *Brian Whitaker v. Slainte Bars LLC (DBA Alhambra Irish House)*, Case No. 3:21-cv-03750-JSC; *Brian Whitaker v. Arya Restaurant Group Inc.*, Case No. 3:21-cv-03781-WHO; *Brian*

27    *Whitaker v. Curry Village Foods, Inc.*, Case No. 3:21-cv-03713-JCS; *Brian Whitaker v. Marston CC Corporation*, 3:21-cv-03700-TSH; *Brian Whitaker v. Alicem, Inc.*, 4:21-cv-03623-KAW; *Brian Whitaker v.*

28    *Tacos Los Gemelos Inc.*, 3:21-cv-03803-TSH; *Brian Whitaker v. Mademoiselle Colette, Inc.*, 5:21-cv-03326-LHK.

2                                                        Case No. 3:21-cv-06590-TSH

69841881v2 NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3    This motion is brought pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and

4  (h)(3) challenging subject matter jurisdiction, specifically Plaintiff Brian Whitaker's standing to

5  sue.  An injury in fact required for standing to sue must be "concrete and particularized and actual

6  or imminent, not conjectural or hypothetical."  *See* inter alia *Friends of the Earth, Inc. v. Laidlaw*

7  *Envtl. Servs. (TOCS), Inc.*, 528 U.S. 167, 180-81 (2000.)  In an ADA case, a plaintiff proves injury

8  in fact as a basis for injunctive relief by presenting evidence of a concrete, not hypothetical, intent

9  to return to the business sued.  *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 103, 1037 (9th

10  Cir. 2008).

11    Here, COVID-19 pandemic, coupled with the instant ADA lawsuit filed by the serial-

12  litigant Plaintiff, forced the Defendant Le Marais Bakery ("Defendant") to **permanently close** the

13  bakery located at 2066 Chestnut Street, San Francisco, CA ("Subject Property").  Given

14  Defendant's permanent closure, injunctive relief is impossible.  The instant Court lacks Subject

15  Matter Jurisdiction, and the matter must be dismissed.

16    However, serial-litigant Brian Whitaker refuses to dismiss this matter, and chose to pursue

17  litigation against a permanently closed local business.  **Defendant is forced to expend its own**

18  **limited resources and judicial resources to bring this motion and seek relief from a serial**

19  **litigant who knows he has no standing.**

20  **II.    STATEMENT OF FACTS**

21    As the Court is well aware, Plaintiff Brian Whitaker ("Plaintiff") is a serial litigant that has

22  filed over 1,600 ADA/Unruh Civil Rights Acts cases in U.S. District Courts in California.[2]

23  _____

24  [2] *See e.g., Whitaker v. Rajeshkumar*, Docket No. 3:20-cv-06909-EMC;
*Whitaker v. Victor Village Assiociates, et. al.*, Docket No. 5:20-cv-02103-JWH-KK;

25  *Whitaker v. Cohanim, et. al.*, Docket No. 2:20-cv-09311;
*Whitaker v. Coronte Theatre, LLC, et. al.*, Docket No. 2:20-cv-09347;

26  *Whitaker v. Choi, et. al.*, Docket No. 2:20-cv-09348;
*Whitaker v. West Valley Owner, LLC, et. al.*, Docket No. 2:20-cv-09365;

27  *Whitaker v. California Subshine, Inc.*, Docket No. 2:20-cv-09408-JFW-PD;
*Whitaker v. LYMI, Inc.*, Docket No. 5:20-cv-02163;

28  *Whitaker v. Burger Lounge III, LLC*, Docket No. 2:20-cv-09597-SVW-PVC;

69841881v2NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Plaintiff initiated this case against the Defendant for alleged violations of the Americans

2   with Disabilities Act ("ADA").  Docket No. 1.  Specifically, Plaintiff alleged that the Defendant

3   failed to provide wheelchair accessible outside dining surfaces in conformance with the ADA

4   Standards.  *Id.*  In 2021, Defendant was unable to extend their lease and permanently closed

5   operations of the bakery at the Subject Property due to financial difficulties, thereby depriving the

6   Court of Subject Matter Jurisdiction.  Declaration of Patrick Ascaso ("Dec. of Ascaso"), ¶ 2.

7   Defendant has removed all furniture, fixtures, and equipment, and the premises is now shuttered.

8   *Id.*  Defendant has ceased all commercial operations of the business at the Subject Property.  *Id.*

9   The property is completely empty and cleaned out.  *Id.*, Exh. A.

10    In fact, on September 8, 2021, Eater Magazine, a prominent food/restaurant journal, issued

11   an article regarding the closure of my bakery.  Dec. of Ascaso, ¶ 3, Exh. B.  The article clearly

12   states that the bakery was scheduled to close in November, and is now currently closed.  *Id.*

13    Plaintiff and Plaintiff's counsel, knowing that the Defendant has permanently closed,

14   refused to dismiss this matter and stated they will continue to litigate this matter.  Defendant's

15   counsel asked Plaintiff's counsel on numerous occasions for a dismissal due to the lack of subject

16   matter jurisdiction since the tenant's lease expired and the bakery is permanently closed.  Dec. of

17   Ascaso, ¶ 4, Exh. B.  Ms. Amanda Seabock, Plaintiff's lead counsel, has refused, offering no

18   meaningful facts or law that would give this Court subject matter jurisdiction.  *Id*.  Therefore,

19   Defendant regrettably brings this Motion to Dismiss under Fed. Rule 12 (b)(1) and (h)(3) for a

20   matter that clearly lacks Subject Matter Jurisdiction.

21

22

23   *Whitaker v. Brentwood Mailbox Center, Inc.*, Docket No. 2:20-cv-09599-JFW-AGR;
     *Whitaker v. Anhar Group, Inc.*, Docket No. 2:20-cv-09636-FMO-PD;

24   *Whitaker v. Westwood Marketplace, LLC, et. al.*, Docket No. 2:20-cv-09641-ODW-MRW;
     *Whitaker v. Green Life 555 Group, Inc.*, Docket No. 2:20-cv-09645-JAK-JC;

25   *Whitaker v. Mateos Ice Cream and Fruits Bars, Inc.*, Docket No. 2:20-cv-09681-SVW-RAO;
     *Whitaker v. Colby Place, LLC*, Docket No. 2:20-cv-09683-ODW-KS;

26   *Whitaker v. Galleria Dimaio, LLC, et. al.*, Docket No. 2:20-cv-09737-DSF-AS;
     *Whitaker v. Sweet Sixteen, LLC*, Docket No. 2:20-cv-09785;

27   *Whitaker v. M.P. Management, LLC, et. al.*, Docket No. 2:20-cv-09787-PA-KS.

28   The above list is not exclusive and only contains the most recent cases dating back until October 5, 2020.
     Plaintiff has been filing ADA cases in mass numbers for years

69841881v2NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

III.   **LEGAL ANALYSIS**

    A.   **Legal Standard Under FRCP 12(b)(1) and 12(h)(3)**

Federal courts are courts of limited jurisdictions, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  The Court presumes that a cause lies outside this limited jurisdiction until the party invoking federal jurisdiction establishes otherwise.  *Id.*; *In re Wilshire Courtyard,* 729 F.3d 1279, 1284 (9th Cir. 2013) ("The burden of establishing subject matter jurisdiction rests on the party asserting that court has jurisdiction.").

The proponent of jurisdiction has the burden of establishing every element of federal jurisdiction.  *Abrego v. The Dow Chemical Co.,* 433 F.3d 676, 682-83 (9th Cir. 2006).  Under Federal Rules of Civil Procedure ("Rule") 12, a defendant may move, at any time, to dismiss for lack of subject matter jurisdiction.  *Fed. R. Civ. P.* 12(b)(1).  "A federal court always has jurisdiction to determine its jurisdiction."  *In re Bunyan,* 354 F.3d 1149, 1152 (9th Cir. 2004.) (citing *United States v. Ruiz,* 536 U.S. 622, 628 (2002)).  A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction.  Such a motion will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction.  *See Savage v. Glendale Union High Sch.,*  343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

That said, Courts do not accept the truthfulness of any legal conclusions contained in the complaint when assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1). *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003).  The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988).

A factual attack on subject matter jurisdiction under Rule 12(b)(1) affords the district court discretion to consider extrinsic evidence and, if disputed, weight the evidence to determine whether the facts support subject matter jurisdiction without converting the motion to dismiss into a motion for summary judgment. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000).

"The presumption of correctness that we accord to a complaint's allegations falls away on

1 the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into

2 question." *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d 679,

3 685 (7th Cir, 1998).  "When the defendant raises a factual attack, the plaintiff must support her

4 jurisdictional allegations with competent proof . . ."  *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th

5 Cir. 2014).  Generally, the plaintiff must prove each of the requirements for subject matter

6 jurisdiction by a preponderance of the evidence in response to a defendant's factual Rule 12(b)(1)

7 motion.  *Id.*

8       Under Rule 12(h)(3), "If the court determines at any time that it lacks subject-matter

9 jurisdiction, the court must dismiss the action."  Such statutory words speak for themselves.

10      **B.     Pursuant to Rule 12(b)(1) and (h)(3), a Defendant may properly raise extrinsic**

11              **evidence to demonstrate that a plaintiff cannot meet his burden to establish**

12              **jurisdiction.**

13      In a factual challenge as defendant asserts here, the moving party "disputes the truth of the

14 allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*,

15 373 F.3d at 1039.  Where the moving party makes a factual challenge by presenting evidence, "the

16 party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of

17 establishing subject matter jurisdiction."  *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004)

18 (citation and internal quotation marks omitted).  In resolving the jurisdictional issue, the court does

19 not accept the allegations in the complaint as true.  *Safe Air for Everyone,* 373 F.3d at 1039. "[The

20 court] may hear evidence and make findings of fact necessary to rule on the subject matter

21 jurisdiction question prior to trial."  *Rosales v. United States,* 824 F.2d 799, 803 (9th Cir. 1987).

22      A factual attack on subject matter jurisdiction under Rule 12(b)(1) affords the district court

23 discretion to consider extrinsic evidence and, if disputed, weigh the evidence to determine whether

24 the facts support subject matter jurisdiction without converting the motion to dismiss into a motion

25 for summary judgment.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

26      In this case, Defendant presents undisputed evidence in the form Defendant's Declaration

27 that the public accommodation in question is permanently closed, and photographs of the closed

28 property, which together demonstrates that Plaintiff has no standing to sue for injunctive relief.

6                                          Case No. 3:21-cv-06590-TSH

1    **C.    Plaintiff Cannot Show Imminent Injury, Which is Required for Standing to**

2    **Sue for Injunctive Relief – the Only Relief Available Under the ADA.**

3    Standing is a threshold jurisdictional requirement, derived from the "case or controversy"

4    language of Article II of the Constitution. *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 95,

5    102 (1998). "A party's standing is a condition of [the court's] subject matter jurisdiction.

6    [Citation.]" *Silver Sage Partners, LTD v. City of Desert Hot Springs,* 251 F.3d 814, 823, fn. 11

7    (9th Cir. 2001).

8    Here, subject matter jurisdiction exists only if Plaintiff has standing to sue for injunctive

9    relief. Private individuals may recover only injunctive relief under Title III; monetary damages

10   are not available. See *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1120 (9th Cir. 2000) (citing 42

11   U.S.C. § 12188(a)).

12   In *D'Lil*, *supra,* 538 F.3d 1031, the court restated the test for standing for

13   injunctive relief under the ADA as follows:

14   "In the present case, the only issue is whether D'Lil met her burden
     with respect to the second prong of the 'injury in fact' requirement,

15   specifically, whether she demonstrated that her injury was "actual or
     imminent" at the time that she filed her complaint. *Lujan* 504 U.S. at

16   560. In the context of a suit for injunctive relief, this requirement may
     only be satisfied where a plaintiff demonstrates **"'a sufficient**

17   **likelihood that he will again be wronged in a similar way" .... That
     is, he must establish a "real and immediate threat of repeated**

18   **injury.'"**

19   Id. at 1037, emphasis added.

20   In the seminal case of *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992),

21   cited in *D'Lil,* the Supreme Court stated the three elements for standing are:

22   "First, the plaintiff must have suffered an 'injury in fact' -- an
     invasion of a legally protected interest which is (a) **concrete and**

23   **particularized**, [citations]; and (b) '**actual or imminent**, not
     "conjectural" or "hypothetical,"'[citation]. Second, there must be a

24   causal connection between the injury and the conduct complained of
     -- the injury has to be 'fairly . . . trace[able] to the challenged action

25   of the defendant, and not ... the result [of] the independent action of
     some third party not before the court.' [Citation.] **Third, it must be**

26   **'likely,' as opposed to merely 'speculative,' that the injury will
     be 'redressed by a favorable decision.'**[Citation.]"

27

28   504 U.S. at 560-561, emphasis added.

69841881v2NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    The court in *Lujan* provides context for the concept that the injury claimed must be

2    imminent. There, the plaintiffs signed declarations that they intended someday to return to a

3    particular location where the government agency funded project would affect the wildlife that they

4    wanted to observe. Based on that intent, they claimed they were entitled to an injunction. Rejecting

5    such claims, the Supreme Court in *Lujan* set out the standing principles applicable to all plaintiffs

6    seeking injunctive relief:

7    "We shall assume for the sake of argument that these affidavits
contain facts showing that certain agency-funded projects threaten

8    listed species -- though that is questionable. They plainly contain no
facts, however, showing how damage to the species will produce

9    'imminent' injury to Mses. Kelly and Skilbred. That the women 'had
visited' the areas of the projects before the projects commenced

10    proves nothing. As we have said in a related context, '"Past exposure
to illegal conduct does not in itself show a present case or

11    controversy regarding injunctive relief . . . if unaccompanied by any
continuing, present adverse effects."' [Citations.] And the affiants'

12    profession of an 'intent' to return to the places they had visited
before -- where they will presumably, this time, be deprived of the

13    opportunity to observe animals of the endangered species -- is
simply not enough. **Such 'some day' intentions -- without any**

14    **description of concrete plans, or indeed even any specification of
when the some day will be -- do not support a finding of the**

15    **"actual or imminent" injury that our cases require.** [Citation.]"

16    *Id*. at 564, emphasis added.

17    In *Summers* v. *Earth Island Inst.,* 555 U.S. 488 (2009) the Supreme Court reaffirmed the rule

18    of law set forth in *Lujan* stating that a "vague desire to return is insufficient to satisfy the

19    requirement of imminent injury… ." (*Id*. at 496.).

20    **Here, Plaintiff cannot possibly establish injury in fact because the bakery is**

21    **permanently closed.** Plaintiff cannot possibly establish an "intent to return to the business" when

22    the business no longer exists. Plaintiff cannot even establish "some day" intentions because

23    returning to the Subject Property is literally impossible. The Subject Property is now fully vacant

24    and the alleged ADA issued complained in the Complaint no longer exist. Dec. of Ascaso, ¶ 2.

25    Given this crucial fact, the case must be dismissed with prejudice, and the state claims

26    dismissed as well.

27    //

28    //

69841881v2NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   IV.    **CONCLUSION**

2          The Defendant bakery is permanently closed.  Plaintiff cannot establish injury in fact

3   because Plaintiff cannot intend to return to a permanently closed bakery.  Defendant respectfully

4   requests that this Court grant the instant motion and dismiss both the Federal and State Claims

5   with prejudice.

6

7   DATED:  February 24, 2022          JEFFER MANGELS BUTLER & MITCHELL LLP
                                        MARTIN H. ORLICK
8                                       STUART K. TUBIS
                                        CHRISTOPHER WHANG
9

10

11                                      By:  _____

12                                              MARTIN H. ORLICK
                                        Attorneys for Defendant Le Marais Bakery, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

69841881v2NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF