CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ChrisS@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker,**<br><br>     Plaintiff,<br>  v.<br><br>**Le Marais Bakery, LLC**, a California Limited Liability Company,<br><br>     Defendant. | Case No: 3:21-cv-06590-TSH<br><br>**Plaintiff's Brief in Opposition to Motion to Dismiss**<br><br>Date: March 31, 2022<br>Time: 10:00 a.m.<br>Ctrm: G – 15th Floor<br><br>Honorable Thomas S. Hixson |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Plaintiff's Injunctive Relief has been Mooted. His Damages Claims Have Not.

"The district courts shall have original jurisdiction of all civil actions arising under the… laws… of the United States."[1] Here, Plaintiff has filed suit under the Americans with Disabilities Act, a federal statute. Accordingly, the Court has original jurisdiction, as the case is a civil action arising under United States law.

On March 8, 2021, the Supreme Court issued an opinion that substantially altered the relationship between legal rights and nominal damages. "When a right is violated, that violation 'imports damage in the nature of it' and 'the party injured is entitled to a verdict for nominal damages.'"[2]

The ADA does not afford actual or statutory damages by its text. However, under *Uzuegbunam*, a claim for damages is not a prerequisite to seek nominal damages. Rather, the case explains that damages are inherent in the violation of any legal right. The Court referenced the historical significance of nominal damages:

> Justice Story adopted the same position a few years later. *Whipple v. Cumberland Mfg. Co.*, 29 F.Cas. 934, 936 (No. 17,516) (CC Me. 1843) (stating that it is "well-known and well-settled" that "wherever a wrong is done to a right," at minimum "nominal damages will be given"). And other jurists declared that "[t]he principle that every injury legally imports damage, was decisively settled, in the case of Ashby." *Parker v. Griswold*, 17 Conn. *288, *304–*306 (1845) (citing many cases on both sides of the Atlantic,

---

[1] 28 U.S.C. § 1331.
[2] *Uzuegbunam v. Preczewski*, 141 S. C. 792, 800 (March 8, 2021).

including *Webb* and *Marzetti*). This history is hardly one of "indeterminate sources." *Post*, at 806-807. Admittedly, the rule allowing nominal damages for a violation of any legal right, though "decisively settled," *Parker*, 17 Conn. at *304, was not universally followed—as is true for most common-law doctrines. And some courts only followed the rule in part, recognizing the availability of nominal damages but holding that the improper denial of nominal damages could be harmless error. Yet, even among these courts, many adopted the rule in full whenever a person proved that there was a violation of an "important right." *E.g., Hecht v. Harrison*, 5 Wyo. 279, 290, 40 P. 306, 309–310 (1895); accord, *Reid v. Johnson*, 132 Ind. 416, 419, 31 N.E. 1107, 1108 (1892) ("substantial right"). Nonetheless, the prevailing rule, "well established" at common law, was "that a party whose rights are invaded can always recover nominal damages without furnishing any evidence of actual damage." 1 T. Sedgwick, Measure of Damages 71, n. a (7th ed. 1880); see also *id.*, at 72 (citing Lord Holt's opinion in *Ashby*).

That this rule developed at common law is unsurprising in the light of the noneconomic rights that individuals had at that time. A contrary rule would have meant, in many cases, that there was no remedy at all for those rights, such as due process or voting rights, that were not readily reducible to monetary valuation. See D. Dobbs, Law of Remedies § 3.3(2) (3d ed. 2018) (nominal damages are often awarded for a right "not economic in character and for which no substantial non-pecuniary award is available"); see also *Carey v. Piphus*, 435 U.S. 247, 266–267, 98 S.Ct. 1042, 55 L.Ed.2d 25 (1978) (awarding nominal damages for a violation of

procedural due process). By permitting plaintiffs to pursue nominal damages whenever they suffered a personal legal injury, the common law avoided the oddity of privileging small-dollar economic rights over important, but not easily quantifiable, nonpecuniary rights.[3]

The Court explains further that the concept that actual damages being a prerequisite to nominal damages represents a fundamental misunderstanding of the relationship between a legal wrong, compensatory damages, and nominal damages:

> Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages. **They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages**.
>
> ...
>
> The argument that a claim for compensatory damages is a prerequisite for an award of nominal damages also rests on the flawed premise that nominal damages are purely symbolic, a mere judicial token that provides no actual benefit to the plaintiff. That contention is not without some support. See, e.g., *Stanton v. New York & Eastern R. Co.*, 59 Conn. 272, 282, 22 A. 300, 303 (1890) ("Nominal damages mean no damages at all. They exist only in name, and not in amount"); but cf. *ibid.* (still recognizing that nominal damages are appropriate when a right is violated). But this view is against the weight of the history discussed above, and we have already expressly rejected it.[4]

---

[3] Id., at 799-800.
[4] Id., at 800-1 (emphasis added).

Plainly in the statement, nominal damages are the default until some other relief is available. The Court is focused on redressability and explicitly puts district courts on notice that it intends to prevent mooting claims for completed injuries, recognizing that a violation of a right must be redressed. "This is not to say that a request for nominal damages guarantees entry to court. Our holding concerns only redressability."[5]

A plaintiff must have standing. Mr. Whitaker does. A plaintiff must have a completed injury, rather than a future injury, to qualify. Mr. Whitaker does. Mr. Whitaker claimed not only injunctive relief under the ADA, but nominal damages, as well.[6] While Defendant is correct that Plaintiff's sought injunctive relief is no longer available to him by virtue of the bakery having permanently closed, it fails to address the other relief Mr. Whitaker seeks under the ADA. Thus, Defendant has failed to establish that Plaintiff's ADA claim must be dismissed.

**II.   The Court should retain supplemental jurisdiction.**

Under 28 U.S.C. § 1367 ("section 1367"), where a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."[7] In addition, "economy, convenience, fairness and comity" should be considered in an analysis of supplemental jurisdiction.[8]

---

[5] Id., at 802.
[6] Dkt. 1, at p. 7.
[7] Kuba v. 1-A Agr. Ass'n, 387 F.3d 850, 855-56 (9th Cir. 2004), *quoting* United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).
[8] City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997).

These values are best served by the exercise of supplemental jurisdiction over Plaintiff's Unruh Act claim. Citing Cal. Civ. Code section 51 subsection (f), "The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act," Plaintiff claims a violation of the Unruh Act based solely on the ADA violations alleged in the Complaint.[9] The substance of Plaintiff's state claim overlaps substantially with Plaintiff's ADA claim; only the remedies differ. Accordingly, economy, convenience, fairness, and comity are best served by the exercise of supplemental jurisdiction over Plaintiff's Unruh Act claim rather than requiring that Plaintiff refile that claim in state court to seek a remedy.

### III. The Court Should Seal Defendant's Supplemental Declaration and its Associated Exhibit.

Substantive settlement discussions and terms are protected from third party disclosure because of public policy favoring their confidentiality.[10] Sealing documents that disclose protected settlement discussions is proper.[11]

Defense counsel's supplemental declaration bears no legal relevance to the issue of whether Plaintiff's relief is moot. Plaintiff agrees injunctive relief is[12] and there has been no showing of why Plaintiff's damages claims would be. What the declaration does, however, is disclose confidential settlement discussions between the parties. This is improper and the Court should seal that entry.

---

[9] Dkt. 1, ¶¶ 30-31.
[10] Phoenix Solution v. Wells Fargo Bank, 254 F.R.D. 568, 583 (N.D. Cal. 2008); Cook v. Yellow Freight, 132 F.R.D. 548, 554. (E.D Cal.); Four in One, Inc. v. S.K. Foods, L.P., 2014 WL 4078232, fn 1].
[11] Kong v. Chorlian, 2:18-cv-02924-DWG (C.D. Cal. August 14, 2018, Dkt. 20); Whitaker v. Salud Juice, 2:19-cv-09927-SVW (C.D. Cal. October 8, 2020, Dkt. 51).
[12] Dkt. 22.

### IV. Conclusion

Defendant's Motion seeks dismissal of Plaintiff's case based on mooting his injunctive relief. However, it does not address Plaintiff's claim for nominal damages under the ADA and, thus, fails to establish Defendant's entitlement to dismissal. Likewise, it makes no showing of why the Court should decline to exercise supplemental jurisdiction over Plaintiff's related Unruh claim. Thus, while Plaintiff agrees that injunctive relief is no longer available to him, the Court should deny Defendant's Motion, as Plaintiff's injuries are still redressable by a favorable decision.

Dated: March 9, 2022                                CENTER FOR DISABILITY ACCESS

                                                    By: /s/ Christopher A. Seabock
                                                    Christopher A. Seabock
                                                    Attorney for Plaintiff