JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK (Bar No. 083908)
*morlick@jmbm.com*
STUART K. TUBIS (Bar No. 278278)
*skt@jmbm.com*
CHRISTOPHER WHANG (Bar No. 316916)
*Cwhang@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

Attorneys for Defendant Le Marais Bakery, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN WHITAKER ,<br><br>            Plaintiff,<br><br>     v.<br><br>LE MARAIS BAKERY, LLC ,<br><br>            Defendant. | Case No. 3:21-cv-06590-TSH<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing date:   March 31, 2022<br>Hearing time:   10:00 am<br>Courtroom:     G |

## I.     INTRODUCTION

Defendant's begin by apologizing to the Court.  The instant Complaint should not have been filed, as the Le Marais Bakery is permanently closed and shuttered.  Yet, Plaintiff's filed the instant lawsuit to target a rundown business, and the Defendant was forced to utilized valuable judicial resources to file the instant Motion to Dismiss.  Defendant appreciates the Court's time and effort to lend its ear to such a frivolous matter.

Plaintiff's Opposition fails to address the key issue raised in Defendant's Motion to Dismiss: **standing**.  Regardless of whether nominal damages exist in this matter, **Plaintiff has no standing to sue in Federal Court.**  Damages are immaterial without standing.  Plaintiff simply states that the Americans with Disabilities Act (ADA) is a federal statute, therefore the Court has original jurisdiction.  However, simply because a federal question is raised does not amount to standing to sue.  As stated in Defendant's Motion to Dismiss, these claims require Plaintiff to

establish an injury-in-fact and the likelihood of future injury. Plaintiff failed to discuss, let alone establish, this fundamental element.

Plaintiff also ignored Chief Magistrate Judge Joseph C. Spero's latest ruling in a case filed by Plaintiff's counsel denying Supplemental Jurisdiction on Unruh Act Claims. Request for Judicial Notice ("RJN") ¶ 1, Exh. A. As the Court is well aware, Mr. Orlando Garcia is represented by Plaintiff's counsel's firm. In *Garcia v. Maciel, et. al.*, Judge Spero denied Supplemental Jurisdiction in light of the recent Ninth Circuit Court holding in *Arroyo v. Rosas,* (9th Cir. 2021) 19 F.4th 1202, 1211. *Id.* Judge Spero specifically requested Plaintiff's counsel's firm to provide separate briefing discussing the issue of Supplemental Jurisdiction. Furthermore, the same day that Plaintiff filed this Opposition, Judge Spero issued a sua sponte Order to Show Cause in the United States District Court Case No. 3:21-cv-05539-JCS, entitled *Garcia v. Quong Fook Tong*, (another Center for Disability Access case) as to why the Court should not deny Supplemental Jurisdiction. RJN ¶ 2, Exh. B. Judge Spero cited *Arroyo v. Rosas,* and ordered Plaintiff's counsel to provide briefing on this issue. *Id.* Knowing the Court's consistent position on Supplemental Jurisdiction when a plaintiff actually has a viable injunctive relief claim, there is absolutely no legitimate justification for counsel to continue to prosecute this case other than a stubborn attempt to force a settlement.

The law and precedent are clear. Plaintiff lacks standing to bring the claims and the Court lacks subject-matter jurisdiction to hear the case. Accordingly, the case should be dismissed in its entirety.

## II.  LEGAL ARGUMENT

### A.  Plaintiff Failed to Address Whether He Has Standing to Sue.

As stated in Defendant's Motion to Dismiss for Lack of Standing, Plaintiff has failed to establish standing to bring this case altogether. Regardless of whether or not nominal damages are allowed, Plaintiff has failed to establish standing to even bring this claim.

As the Court is well aware, a plaintiff claiming ADA violations must establish "standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA." *Chapman v. Pier 1 Imports (U.S.) Inc.,* (9th Cir. 2011) 631 F.3d 939. To establish standing, the

1  Plaintiff must "demonstrate a 'real and immediate threat of **repeated injury**'."  Emphasis added;
2  *Id.*

3  Before we even get to the discussion of nominal damages, Plaintiff needs to establish that
4  there is a "real and immediate threat of repeated injury."  In this matter, Plaintiff cannot.  As stated
5  in Defendant's Motion to Dismiss, the Le Marais Bakery located at 2066 Chestnut Street, San
6  Francisco, CA is now **permanently closed and shuttered**.

7  Plaintiff did not even attempt to address this cornerstone issue upon which the entire case
8  and the instant Motion to Dismiss rely upon.

9  **B.     Plaintiff Cannot Be Awarded Nominal Damages.**

10  As the Court is also very much aware, private individuals may recover only injunctive
11  relief under Title III; monetary damages are not available.  See *Fischer v. SJB-P.D. Inc.,* 214 F.3d
12  1115, 1120 (9th Cir. 2000) (citing 42 U.S.C. § 12188(a)).  Injunctive relief is the only relief that
13  can be sought by the Plaintiff in this matter.

14  The *Uzuegbunam v. Preczewski* case, cited heavily by Plaintiff's in the Opposition,
15  provides no support that the instant case should not be dismissed.  The Supreme Court held, and
16  the Plaintiff so aptly highlighted in their Opposition, the following passage:

17  Norminal damages are not a consolation prize for plaintiff who pleads, but fails to
18  prove, compensatory damages.  **They are instead damages awarded by default**
19  **until the plaintiff establishes entitlement to some other form of damages, such**
20  **as compensatory or statutory damages.**

21  *Uzuegbunam v. Preczewski*, (2021) 141 S. Ct. 792, 800;  Plaintiff's Opposition, pg 3:10-14.

22  Here, the Supreme Court held that nominal damages are given by default "**until the**
23  **Plaintiff establishes entitlement to some other form of damages, such as compensatory or**
24  **statutory damages**."  Emphasis added; *Id.*  The ADA strictly prohibits such other types of relief
25  when claimed by a private individual.  There are no alternative damages that Plaintiff can seek.
26  The award of nominal damages as an attempt to seek "some other form of damages" is impossible
27  in this matter.  Injunctive relief cannot be obtained given the shuttered business.

28  In *Uzuegbunam*, the Plaintiff sued the Defendant on the basis of free speech violations.  *Id.*

1  The use of nominal damages was important to ensure that, under the First Amendment, proper
2  award of damages can be sought.  In the instant matter, private plaintiffs like the Plaintiff can only
3  seek injunctive relief.

4  Furthermore, Plaintiff conveniently did not mention the remaining holding of the
5  *Uzuegbunam* case.  The Supreme Court explicitly held that:

6  "(c) [a] request for redress in the form of nominal damages does not guarantee entry
7  to court.  In addition to redressability, the plaintiff must establish the other elements
8  of standing and satisfy all other relevant requirements, such as pleading a
9  cognizable cause of action."
10  *Id.* at 795.

11  The Supreme Court agrees with our analysis in that before we discuss the issue of nominal
12  damages, we must address the issue of standing.  Plaintiff cannot meet the "elements of standing
13  and satisfy all other relevant requirements", and therefore, has no grounds to argue for damages.
14  *Id*.

15  This is indicative of Plaintiff's true intent.  While not dispositive, Plaintiff, a Los Angeles
16  resident, has filed **more than 1,400 Federal ADA lawsuits**.  Plaintiff is a serial litigant seeking to
17  obtain quick settlements from small, local businesses.  So much so that Plaintiff seeks payment
18  from a shuttered business.

19  **C.**   **Plaintiff Deliberately and Disingenuously Ignored Chief Magistrate Judge**
20  **Joseph C. Spero's Recent Ruling on Supplemental Jurisdiction.**

21  On February 9, 2022, Chief Magistrate Judge Joseph C. Spero issued an Order denying
22  Supplemental Jurisdiction of an Unruh Act Claim in *Orlando Garcia v. Jesus Garcia Maciel, et.*
23  *al.* RJN ¶ 1, Exh. A.   As mentioned in and referenced by Defendant's Motion to Dismiss, Plaintiff
24  Orlando Garcia was and is represented by the law firm Potter Handy, who also represents Plaintiff
25  Brian Whitaker.

26  Judge Spero held that, pursuant to *Arroyo v. Rosas*, Supplemental Jurisdiction over
27  Garcia's Unruh Act Claim cannot be granted because the ADA and Unruh Act Claims "have
28  combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly

threatens to have a significant adverse impact on federal-state comity." *Id.* Citing *Arroyo v. Rosas,* (9th Cir. 2021) 19 F.4th 1202, 1211.

Plaintiff ignores the *Maciel* and *Arroyo* cases, and fails to address any of the issues contained in Judge Spero's Order.

### D. While Settlement Communications are Generally Privileged, The Instances Where They are Admissible Apply Here.

Federal Rules of Evidence Section 408 states that Settlement Communications are privileged and protected, except for "(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. § 408.

Pursuant to Rule 408, Settlement Communication can be used for special, necessary circumstances. See *Cates v. Morgan Portable Bldg. Cop.* (7th Cir. 1985) 708 F.2d 683 (Rule 408 does not bar evidence of a settlement when offered to prove a breach of the settlement agreement, as the purpose of the evidence is to prove the fact of settlement as opposed to the validity or amount of the underlying claim); See also *Uforma/Shelby Bus. Forms, Inc. v. NLRB* (6th Cir. 1997) 111F.3d 1284 (threats made in settlement negotiations were admissible; Rule 408 is inapplicable when the claim is based upon a wrong that is committed during the course of settlement negotiations.) See also *Athey v. Farmers Inc. Exchange* (8th Cir. 2000) 234 F.3d 357 (evidence of settlement offer by insurer was properly admitted to prove insurer's **bad faith**.)

Here, the Settlement Communication was similarly used to show bad faith: Plaintiff knew that Le Marais Bakery was shuttered and knew from numerous decisions in this and other courts that without a viable ADA claim there was no basis for the Court to retain jurisdiction over Plaintiff's state law claims, Nevertheless, Potter Handy stubbornly pursued this case and forced this Motion.

Plaintiff's intentions are clear. On March 14, 2022, Plaintiff's counsel repeatedly and aggressively pushed the parties to enter into a Settlement Meet and Confer pursuant to General Order 56. Declaration of Christopher K. Whang ("Dec. of Whang") ¶ 2. Defendant informed

1  Plaintiff's counsel that a Motion to Dismiss was pending before the Court. *Id.* Furthermore,
2  Defendant informed another one of Plaintiff's counsel that Plaintiff filed a Notice of Mootness in
3  this matter. *Id.* Therefore, Defendant suggested that the parties stipulate to extend the date of the
4  Settlement Meet and Confer to a later date. *Id.* Plaintiff's counsel threatened to notify the Court
5  of Defendant's alleged refusal to comply with Court deadlines, and demanded we attend the
6  Settlement Meet and Confer. *Id*.

## III. CONCLUSION

The Motion to Dismiss should be granted because this Court lacks subject matter jurisdiction and Plaintiff's state law claims should be dismissed.

DATED: March 17, 2022

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK
STUART K. TUBIS
CHRISTOPHER WHANG

By: _____
MARTIN H. ORLICK
Attorneys for Defendant Le Marais Bakery, LLC