UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LE MARAIS BAKERY, LLC,<br><br>　　　　　Defendant. | Case No. 21-cv-06590-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS; ORDER GRANTING REQUEST TO SEAL**<br><br>Re: Dkt. No. 18 |

## I.  INTRODUCTION

Plaintiff Brian Whitaker seeks a court order requiring Defendant Le Marais Bakery, LLC to bring its bakery into full compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.  Le Marais Bakery now moves to dismiss his claims, arguing they are moot because it has permanently closed operations at the subject property.  ECF No. 18.  Whitaker filed an opposition (ECF No. 24) and Le Marais Bakery filed a reply (ECF No. 25).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 31, 2022 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Le Marais Bakery's motion for the following reasons.[1]

As part of his opposition, Whitaker also requests the Court seal certain exhibits Le Marais Bakery submitted in support of its motion.  Good cause appearing, the Court **GRANTS** Whitaker's request to seal and directs the Clerk of Court to seal Exhibit A to the Declaration of Christopher Whang (ECF No. 21-1).

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF No. 7, 20.

## II. BACKGROUND

Whitaker is a quadriplegic who uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. Defendant Le Marais Bakery, LLC owned Le Marais Bakery located at or about 2066 Chestnut Street, San Francisco, California. *Id.* ¶¶ 2-3.

Whitaker went to Le Marais Bakery in August 2021 with the intention to avail himself of its goods or services, motivated in part to determine if the bakery complied with disability access laws. *Id.* ¶ 8. However, on the date of his visit, Le Marais Bakery failed to provide wheelchair accessible outside dining surfaces in conformance with ADA standards. *Id.* ¶ 10. Whitaker states he will return to Le Marais Bakery "to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Le Marais Bakery and its facilities are accessible." *Id.* ¶ 20. He "is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again." *Id.*

Whitaker filed this complaint on August 26, 2021, alleging violations under the ADA and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Le Marais Bakery now moves to dismiss on the ground that Whitaker's claim is moot because the bakery is permanently closed.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the

1  court determines whether the allegations contained in the complaint are sufficient on their face to
2  invoke federal jurisdiction, accepting all material allegations in the complaint as true and
3  construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501
4  (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the
5  plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as
6  to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the
7  complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy*
8  *v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any
9  evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of
10 jurisdiction").

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.     Americans with Disabilities Act**

"The ADA includes three main sections – Title I, which concerns employment discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* § 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations, such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013). Whitaker's claim is asserted under Title III.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

3

42 U.S.C. § 12182(b)(2)(A)(ii). To establish a claim under this provision, Whitaker must show (1) he is disabled within the meaning of the ADA; (2) Le Marais Bakery owns, leases, or operates a place of public accommodation; and (3) he was denied full and equal treatment by Le Marais Bakery because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

### IV.   DISCUSSION

**A.   ADA**

Whitaker seeks injunctive relief, compelling Le Marais Bakery to bring its store into compliance with the ADA. However, Le Marais Bakery has submitted evidence that his claim is moot because it permanently closed operations of the bakery at the subject property. Mot. at 3; Ascaso Decl. ¶ 2, ECF No. 18-1. It states it has "removed all furniture, fixtures, and equipment, and the premises is now shuttered," it has "ceased all commercial operations of the business at the Subject Property," and "[t]he property is completely empty and cleaned out." Ascaso Decl. ¶ 2 & Ex. A (photos of the subject property).

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to "actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotations omitted). Mootness thus deprives a court of jurisdiction over an issue. *See Bland v. Fessler*, 88 F.3d 729, 732 n.4 (9th Cir. 1996). If, due to some event that occurs during litigation, "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," the case must be dismissed as moot. *Tate v. Univ. Med. Ctr. of S. Nevada*, 606 F.3d 631, 634 (9th Cir. 2010) (citation omitted); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (a case is moot when "there is nothing for [the court] to remedy, even if [it] were disposed to do so").

Because "damages are not recoverable under Title III of the ADA," *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), Whitaker seeks injunctive relief for Le Marais Bakery's alleged violations. However, Le Marais has shown that the bakery has permanently closed and the premises are unoccupied. It is well-established that in order to obtain injunctive relief under the

1  ADA, a plaintiff must "demonstrate a sufficient likelihood that he will again be wronged in a
2  similar way. That is, he must establish a real and immediate threat of repeated injury." *Fortyune*
3  *v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). This can either be done "by
4  demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a
5  noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011)
6  (en banc). If, however, the public accommodation that a plaintiff seeks to patronize shutters its
7  doors, the threat of future injury dissipates. For that reason, the Ninth Circuit has said that "claims
8  for prospective injunctive relief" under the ADA become moot once the business has "ceased
9  operation." *Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618 (9th Cir. 2011); *see also*
10  *Disabled Rights Action Comm. v. Fremont St. Experience LLC*, 44 F. App'x 100, 103 (9th Cir.
11  2002) (finding claim for an injunction "moot given that the Race Rock has gone out of business
12  for reasons unrelated to this litigation"); *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1135
13  n.1 (9th Cir. 2002) (noting with approval that, because "the parties stipulated that the Anderson
14  store has closed," the district court had dismissed plaintiff's ADA claims as to that store as moot).

15  Here, it is undisputed that Le Marais Bakery's former store at 2066 Chestnut Street is no
16  longer operational and there is no plan for the business to reopen. *See* Opp'n at 4. As just
17  explained, "this fact renders the request for an injunction moot and thus deprives the Court of
18  subject matter jurisdiction." *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904,
19  910 (N.D. Cal. 2019) (dismissing ADA claim as moot where business closed after lawsuit was
20  filed); *Johnson v. Hub's Coffee LLC*, 2021 WL 4749452, at *1 (N.D. Cal. Oct. 12, 2021) (same).

21  In his opposition, Whitaker argues his ADA claim is not moot because he seeks nominal
22  damages. Opp'n at 1-4. However, the law is clear that only injunctive relief is available as a
23  remedy for a private plaintiff under Title III of the ADA. *See Wander*, 304 F.3d at 858; *Molski v.*
24  *M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) ("monetary damages are not available in
25  private suits under Title III of the ADA); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th
26  Cir. 2011) (explaining that a private plaintiff can sue only for injunctive relief under Title III of the

27
28

ADA.).[2]

In support of his claim for nominal damages, Whitaker cites the Supreme Court's recent decision in *Uzuegbunam v. Preczewski*. 141 S. Ct. 792 (2021). In *Uzuegbunam*, the plaintiffs sued their school (and its officials) for enforcing policies that violated their First Amendment rights. *Id.* at 795. In their original complaint, the plaintiffs sought nominal damages and injunctive relief under 42 U.S.C. § 1983. *Id.*; *see also Uzuegbunam v. Preczewski*, 781 F. App'x 824, 825 (11th Cir. 2019). After discontinuing the challenged policies, the defendants argued the case was moot. *Uzuegbunam*, 141 S. Ct. at 797. Although the parties agreed that the defendants' policy changes rendered the claims for injunctive relief moot, the parties disagreed whether their claim for nominal damages sufficiently conferred standing for the plaintiffs to maintain their suit. *Id.* The Supreme Court sided with the plaintiffs, holding that "for the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right." *Id.* at 802. Thus, nominal damages could satisfy the redressability prong for Article III standing.

However, *Uzuegbunam* "was decided under common law principles" and therefore "does not change the availability of remedies under Title III of the ADA." *Whitaker v. Tesla Motors, Inc.*, 2021 WL 4461210, at *1 (N.D. Cal. Sept. 29, 2021) (dismissing Whitaker's request for "nominal damages and other equitable relief" under the ADA); *Garcia v. Ductoc*, 2021 WL 4776005, at *2 (C.D. Cal. May 18, 2021) ("Plaintiff seeks to extend [*Uzuegbunam*'s] holding to his ADA claim, in essence so that he can still pursue it even if injunctive relief is mooted by Defendants' redress of the alleged accessibility barriers. The problem with this argument is that the ADA does not allow a plaintiff to recover any damages at all, whether actual or nominal—the statute provides for a private plaintiff to sue only for injunctive relief.") (citing *Oliver*, 654 F.3d at

---

[2] Other circuits have made clear that injunctive relief is the only private relief available in a Title III case. *See Stebbins v. Legal Aid of Arkansas*, 512 Fed. App'x 662, 663 (8th Cir. 2013) ("Title III of the ADA does not provide for private actions seeking damages"); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013) ("injunctive relief . . . is the only form of relief available to plaintiffs suing under Title III of the ADA."); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages.").

6

1    905); *Whitaker v. Rodriguez*, 2021 WL 3122400, at *2 (C.D. Cal. Apr. 19, 2021) ("The Ninth
2    Circuit has already stated that '[d]amages are not recoverable under Title III of the ADA—only
3    injunctive relief is available for violations of Title III.' [*Kaus*, 304 F.3d at 858). The Court
4    declines to read *Uzuegbunam* to overrule Ninth Circuit precedent[.]"). Accordingly, the Court
5    must dismiss Whitaker's ADA claim for lack of jurisdiction.

6    **B.     Unruh Act**

7        Having dismissed the ADA claim, which is Whitaker's sole federal law claim, the only
8    remaining claim is his claim under California's Unruh Act. "A violation of the ADA is, by
9    statutory definition, a violation of . . . the Unruh Act." *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d
10   1017, 1023 (N.D. Cal. 2012) (citing Cal. Civ. Code §§ 51(f), 54.1(d)). "Because the Unruh Act is
11   coextensive with the ADA and allows for monetary damages, litigants in federal court in
12   California often pair state Unruh Act claims with federal ADA claims." *Molski v. M.J. Cable,*
13   *Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Whitaker has done just that, seeking an award of statutory
14   damages for his August 2021 visit to Le Marais Bakery. "This claim remains live despite the
15   mootness of Plaintiff's request for an injunction under the ADA '[b]ecause a claim for damages
16   under the Unruh Act looks to past harm[.]'" *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F.
17   Supp. 3d 904, 911 (N.D. Cal. 2019) (quoting *Arroyo v. Aldabashi*, 2018 WL 4961637, at *5 (N.D.
18   Cal. Oct. 15, 2018)).

19       However, Whitaker's claim is before this Court pursuant to the Court's supplemental
20   jurisdiction, *see* 28 U.S.C. § 1367(a), based on the claim's close relation to Whitaker's federal
21   cause of action under the ADA. A district court "may decline to exercise supplemental
22   jurisdiction" if, as here, it "has dismissed all claims over which it has original jurisdiction." *Id.* §
23   1367(c)(3). At the same time, the court has discretion to keep the state law claims, taking into
24   account considerations of "judicial economy, convenience, fairness, and comity." *Satey v.*
25   *JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v.*
26   *Cohill*, 484 U.S. 343, 351 (1988)). "[I]n the usual case in which all federal-law claims are
27   eliminated before trial, the balance of factors to be considered . . . will point toward declining to
28   exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

"'Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim.'" *Hub's Coffee*, 2021 WL 4749452, at *2 (quoting *Johnson v. Techbusiness Res., LLC*, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020)). This Court similarly declines to exercise supplemental jurisdiction over Whitaker's Unruh Act claim because it would not further the interest of judicial economy, convenience, fairness and comity. *See id.* Accordingly, the motion to dismiss the Unruh Act claim is granted.

## C. Request to Seal

As part of his opposition, Whitaker requests the Court seal defense counsel's declaration (ECF No. 21) because it contains confidential settlement discussions. Good cause appearing, the Court grants the request and directs the Clerk of Court to seal Exhibit A to the Declaration of Christopher Whang (ECF No. 21-1).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Le Marais Bakery's motion to dismiss. As the jurisdictional defect cannot be cured by amendment, dismissal is **WITHOUT LEAVE TO AMEND**. The Court also **GRANTS** Whitaker's request to seal and directs the Clerk of Court to seal Exhibit A to the Declaration of Christopher Whang (ECF No. 21-1).

**IT IS SO ORDERED.**

Dated: March 18, 2022

THOMAS S. HIXSON
United States Magistrate Judge